IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| FOREST INVESTMENT ASSOCIATES, | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CIVIL ACTION |
| | § § | CASE NO. 5:19-CV-00065 |
| APRIL THOMPSON AND JAMES THOMPSON, | § § § | |
| DEFENDANTS. | § § | |

## NON-PARTY
## JAMES THOMPSON TRUCKING, LLC;
## MOTION TO QUASH SUBPOENA

James Thompson Trucking, LLC (hereinafter "James Thompson Trucking"), a non-party, by its attorney, hereby moves, pursuant to Fed.R.Civ.P. 45, to quash the subpoena served on it by Forest Investment Associates (hereinafter "FIA") relies upon its memorandum of law in support of this motion which is attached hereto and incorporated herein.

Date:   June 6, 2019

Respectfully submitted,

Darren W. Anderson Law Firm, P.L.L.C.


/s/ Darren W. Anderson
Darren W. Anderson
Texas State Bar No. 00792331
Darren@arklatexattorney.com
2010 Moores Lane, Suite 101
Texarkana, Texas 75503
Telephone:  (903) 792-1229
Telecopier:  (903) 792-1329
Attorney for James Thompson Trucking, LLC

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| FOREST INVESTMENT ASSOCIATES, § § PLAINTIFF, § § VS. § § APRIL THOMPSON AND § JAMES THOMPSON, § § DEFENDANTS. § | CIVIL ACTION CASE NO. 5:19-CV-00065 |

**NON-PARTY
JAMES THOMPSON TRUCKING, LLC;
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO QUASH SUBPOENA**

Non-party James Thompson Trucking, LLC (hereinafter "James Thompon Trucking"), a non-party moves the Court to quash the discovery requests contained in the subpoena served on it by Plaintiff Forest Investment Associates ("FIA" or "Plaintiff").

## I.    INTRODUCTION

1. The subpoena (*See* Exhibit "A") was provided to James Thompson Trucking on or about May 24, 2019, through personal service.

2. In this subpoena, FIA is commanding the appearance of representatives of JAMES THOMPSON TRUCKING, pursuant to F.R.C.P. 30(b)(6), to appear in F, Arkansas, for production of documents for inspection.

4. James Thompson Trucking is a Texas limited liability corporation with its principle place of business in Maud, Texas.

6. JAMES THOMPSON TRUCKING, after contacting Plaintiff's counsel in an

attempt to resolve this dispute has no choice, but to move the Court to quash Plaintiff's subpoenas for deposition and production for documents.

## BACKGROUND

7. Forest Investment Associates, Plaintiff herein, has sued the Thompsons. Broadly, the claim is that the Thompsons defrauded the Plaintiff out of payment for work not actually performed. The suit alleges a number of different causes of action.

8. In addition to the suit, the Plaintiff sought an Exparte Injunction and Expedited discovery. The Court denied the Exparte Motion and set it for hearing on May 23, 2019. The Defendant's filed a response opposing the Plaintiff's motion. Prior to the hearing the parties entered an agreement that provided for a temporary injunction and a limited scope of expedited discovery. (*See* Exhibit "B")

## II.
## ARGUMENT & AUTHORITIES

### A. NOTICE WAS NOT TIMELY PROVIDED DEFENDANTS.

9. FRCP 45(a)(4) states, "[a] notice to produce documents or tangible things must be served Notice prior to the subpoena compelling production is served." The purpose of this requirement is likely two-fold. First, it provides the non-party receiving the subpoena additional time to review the subpoena and its records and to file any objections or seek protection. Second, since the notice and subpoena are filed with the court, it provides other parties more time to file objections or seek protection. Here, notice of the subpoena was served on counsel for James and April Thompson contemporaneously with service of the subpoena or just minutes or hours prior to the service of the Subpoena James Thompson Trucking. Since, the subpoena gave James Thompson Trucking only six (6) business day to comply, the notice period would have been all

the more critical. This is clearly unreasonable and ostensibly defeats the very purpose of the "Notice" requirement. James Thompson Trucking will endeavor to cooperate with counsel to review its request and provide it with non-objectionable documents within a *reasonable* time of no less than two (30) days, but it simply cannot do so with just a six (6) working day notice. Moreover, the only officers of James Thompson Trucking are James and April Thompson, and they were not even on the continental United States during those six (6) working days therefore, next to impossible to comply with such a short deadline. (*See* Exhibit "C"). (The Plaintiff and James Thompson Trucking did agree to an additional six (6) working days to comply with the Subpoena.)

    B.    **LEGAL STANDARD UNDER FEDERAL RULE 45**

    10.    Discovery directed to a non-party is governed by F.R.C.P. 45, which states in relevant part: "On timely motion, the issuing court must quash or modify a subpoena that … subjects a person to undue burden." F.R.C.P. 45(c)(3)(A)(iv). The party or attorney responsible for issuing the subpoena has an express obligation under Rule 45 to narrowly tailor the subpoena to avoid imposing undue burden:

    11.    A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply. F.R.C.P. 45(c)(1). Many courts have noted that non-parties are particularly vulnerable to abuses of discovery and are afforded protection by the courts in responding to a subpoena.

    12.    The Plaintiff has made a request that clearly places an undue burden on a non-party, has not shown any need whatsoever for the evidence, much less a crucial need, and the

non-party should not be forced to incur significant time and financial expense to respond to the overly broad, harassing, and inconsequential subpoena. It is clear that this is simply an impermissible fishing expedition by the Plaintiff.

C. **PLAINTIFF'S SUBPOENA IMPOSES AND UNNECESSARY BURDEN AND IS EXCESSIVE BECAUSE THE PARTIES TO THIS LAWSUIT HAVE ACCESS TO MANY OF THE DOCUMENTS REQUESTED**

13. An indication of the unreasonableness of Plaintiff's document requests to JAMES THOMPSON TRUCKING is that many of the requests seek copies of documents that are in the possession, custody or control of the parties to this lawsuit.

14. It is well settled that litigants should seek discovery from parties to the litigation before attempting to burden non-parties with discovery requests. *See, e.g., Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed.Cir. 1993) (affirming trial court's decision to require litigant to seek discovery from opposing party before subpoenaing non-party);

15. The same reasoning applies with greater force to the Subpoenas. Any documents relating to data recorded and the manner of recording should be in the possession of Defendants. Because James Thompson and April Thompson are each a party to the underlying proceedings, it would be duplicative and unduly burdensome for JAMES THOMPSON TRUCKING to provide the same documents to Plaintiff that it can seek from Defendants. The parties entered into an agreement that provided expedited discovery on a limited scope (*See* Exhibit "B"). This is simply an attempt to circumvent the applicable federal rules for discovery and more importantly to circumvent the agreement of the parties.

D. **THE SUBPOENA IS IMPROPER BECAUSE THE REQUEST IS OVERBROAD ON ITS FACE AND SEEKS IRRELEVANT AND POTENTIALLY PROTECTED INFORMATION.**

16. Tex. R. Civ. P. 192.6 set out the bases for entry of a protective order, which allows for protection from overly broad requests and requests for irrelevant information. The requests essentially seeks an exhaustive scope of documents generated over an eight (8) year period. The request essentially seeks all financial records of the business conducted by James Thompson Trucking and would include payments by its customers, payroll checks, expense payments etc… since 2011, to the present. On its face, the request is overbroad.

17. The subpoena is also improper because it seeks potentially sensitive client records and information. Again, with only one (6) business days to respond, the request may seek discovery of information that is protected on other bases, including privilege or because the information requested is proprietary company information or trade secrets.

**NON-PARTY, JAMES THOMPSON TRUCKING, SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS:**

1. Any and all monthly statements, checks in an amount in excess of $500, deposits, deposit slips, and deposit items in an amount in excess of $500, for any account maintained at any bank of financial institution for the period January 1, 2011 through the present.

   **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ny and all monthly statements, checks in an amount in excess of $500.00, deposits, deposit slips, and deposit items in an amount in excess of $500.00, for any account maintained at any bank o[r] financial institution for the periods of January 1, 2011, to the present". Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

**Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.**

2. Any and all wire transfers, wire advices, or requests to transfer monies from or to any accounts identified in response to Request 1, together with all other records referring or relating to said transfers.

   **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

   **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it**

calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.

3. Any loan applications or financial statements prepared or submitted since January 1, 2011.

    **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

    **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the**

   extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.

4. All documents referring or relating to the formation of James Thompson Trucking, LLC, all minutes of board meetings or meetings of the members of said entity, and all documents relating to the funding or capitalization of said entity.

   **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

   **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement**

**privilege, attorney work-product doctrine, and any other applicable privileges.**

5. All documents referring or relating to any loan, transfer or money, purchase of stock or shares, any transfer of property to James Thompson Trucking, LLC by April Thompson or James Thompson, or and transfer of property or money by James Thompson Trucking, LLC to April Thompson or James Thompson since January 1, 2011.

   **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

   **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement**

**privilege, attorney work-product doctrine, and any other applicable privileges.**

6. All documents referring or relating to the removal of any timber, or other asset, from any property owned by Forest Investment Associates, LP ("FIA") or in which FIA holds any interest.

   **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

   **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement**

**privilege, attorney work-product doctrine, and any other applicable privileges.**

7. All documents referring or relating to April Thompson's association with or employment by James Thompson Trucking, LLC, including all records of salary paid, benefits provided, or compensation of any nature provided to April Thompson since January 1, 2011, including any federal or state tax forms relating to same.

   **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

   **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement**

**privilege, attorney work-product doctrine, and any other applicable privileges.**

8. All documents referring to any pension plan, 401k plan, or similar plan in the name of April Thompson or James Thompson.

    **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

    **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.**

9. All documents referring or relating to the acquisition of any vehicles by James Thompson Trucking, LLC since January 1, 2011, including any documents reflecting the source of any monies or loans used to acquire said vehicles.

   **OBJECTION: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.**

   **Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.**

10. All documents referring or relating to the sale or transfer of any vehicles by James Thompson Trucking, LLC since January 1, 2011.

    **OBJECTION: Nonparty objects to this request as it is overly broad, unduly**

burdensome, vague, ambiguous, and not reasonably limited in scope. Nonparty objects to this request as being unreasonably cumulative and duplicative as it calls upon Nonparty to documents that are at this point irrelevant and if become relevant can be made available by parties in this litigation.

Further, Nonparty objects to this request as it seeks items that are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the plaintiffs. Further, nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney client privilege, legislative privilege, investigative and law enforcement privilege, attorney work-product doctrine, and any other applicable privileges.

### E. FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE:

18.  Nonparty specifically reserves the right to lodge further objections and assert any applicable claims of privilege to any specific documents when, or if, any responsive documents are identified.

JAMES THOMPSON TRUCKING for the reasons set forth herein respectfully requests that the Court enter an Order quashing Plaintiff's subpoena.

Respectfully submitted,

Darren W. Anderson Law Firm, P.L.L.C.

/s/ Darren W. Anderson
Darren W. Anderson
Texas State Bar No. 00792331
Darren@arklatexattorney.com
2010 Moores Lane, Suite 101
Texarkana, Texas 75503
Telephone: (903) 792-1229
Telecopier: (903) 792-1329
Attorney for James Thompson Trucking, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2019, I served a true and correct copy of the foregoing document is being served via electronic mail to all counsel of record.

/s/ Darren W. Anderson
Darren W. Anderson